Mr. Justice Huger
delivered the opinion of the court:
The contract between the parties was, that the plaintiff should sell, and for so doing, the defendant should pay twelve and a half per cent, on what was obtained for the property; the object of a vendor is not accomplished, nor the duties of the vendue master performed, until the conditions of the sale are complied with. The defendant has pnly received $9,000 through the agency of the plaintiff; *23 he is therefore entitled, according to their contract:, only to twelve and a half per cent, on $> 9,000. Should he recover the difference between $> 9,000 and 11,740, the first’ bid from Mr. L. the plaintiff may then be entitled to twelve and a half per cent, on that difference but assuredly the defendant ought not to pay five per cent, commissions on $ 9,000, because the plaintiff has procured fob the property a purchaser who will not or cannot comply with the conditions. How has the defendant been benefitted by that sale? So far from deriving any benefit from it, he was very much delayed in the attainment of his object. It is true the vendue master was put to additional trouble, but this was not the fault of the defendant; when a specific sum is to be paid for the performance of a specified work, as building a house, or making a coat, the builder or tailor cannot say after the work be done, you must pay more, for it has cost me more labour than I expected. . So in this case, the plaintiff was to' procure for the defendant, the value of the lots in money, or the price at which they would sell at vendue, for which he agreed to receive two and a half per cent, more the plaintiff is not entitled to, and the discount was properly allowed.
Rescmssure, for the motion.
Simons, contra.
The motion must therefore be dismissed.
Justices Colcoc/c, - Gantt, Richardson and Johnson, concurred.